UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80979-ROSENBERG

AFFORDABLE AERIAL
PHOTOGRAPHY, INC,

    Plaintiff,

v.

CORE DEVELOPMENT GROUP
LLC, et al.,

    Defendants.

_____/

## ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss at docket entry 30. The Plaintiff filed a Response at docket entry 42. For the reasons set forth below, the Motion is denied.

The Plaintiff in this case is the owner of a copyright in photographs of a luxury home in South Florida. DE 26 at 1-3. The Defendants are alleged to have published the photographs on their business website without permission. *Id.* The Defendants argue that they are not subject to personal jurisdiction in Florida, citing a declaration that they do not conduct business in Florida. DE 30-1.

The Plaintiff relies upon Section (1)(a)(2) of the Florida long-arm statute for personal jurisdiction.[1] Fla. Stat. § 48.193(1)(a)(2). That provision allows for a non-resident defendant to be sued in Florida when a complaint alleges a violation of a copyrighted photograph, accessible

---

[1] The Plaintiff also relies upon Section 48.193(1)(a)(6)(a), but that provision only applies to personal injury and damages to *physical property*; the property in this case is a copyright, an intangible property. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

on the internet. *E.g., Todd Benjamin Int'l, Ltd. v. Grant Thornton Int'l, Ltd.*, 682 F. Supp. 3d 1112, 1125 (S.D. Fla. 2023). That is precisely what the Plaintiff has alleged here.

The Defendants argue that any exercise of personal jurisdiction over them would violate the Due Process Clause, but courts have repeatedly found that § 48.193(1)(a)(2) satisfies the Due Process Clause, subject to one caveat. *See Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008). The caveat is that a mere, unintentional publication of a copyrighted work on a website, without more, could raise due process concerns. *See id.* at 1286-88. "Something more" is required, and it is intent. *See id.* When a defendant-infringer intends for his or her tortious conduct to be directed at the forum or a resident of the forum, there are no due process concerns. *See id.*

Here, the Plaintiff has alleged intent. The Plaintiff alleges that the Defendants published the photographs on their website, to promote their business, for financial gain, and that the Defendants knew the photographs were copyrighted works of the Plaintiff. DE 26 at 1-3, 7. After being expressly informed of the Florida-based Plaintiff's ownership of the copyright, the Defendants are alleged to have affirmatively refused to remove the photographs from the internet. *Id.* ("CDG and Guberman have affirmatively refused, in writing, to remove AAP's Copyrighted Works from the CDG Website."). The Plaintiff has also alleged that the photographs are of a property in Florida, that the Defendants knew the property was in Florida, and that the Defendants sought to promote their business by advertising the work they have done in Florida. *Id.*

In Response, the Defendants have provided evidence to refute some of the Plaintiff's allegations. For example, the Defendants refute the extent to which they conduct business in Florida. DE 30-1. But the Defendants do not refute the Plaintiff's allegations of intent to infringe a copyrighted work, which was in turn owned by a Florida resident. Relatedly, the Defendants

have not refuted that the individual, non-corporate Defendant, Mr. Josh Guberman, intended to infringe—the Plaintiff has alleged that Mr. Guberman affirmatively refused to remove the copyrighted work from the internet after being informed of the Plaintiff's copyright.[2]  For these reasons, the Plaintiff has sufficiently alleged personal jurisdiction over the Defendants, and the Plaintiff's allegations have not been rebutted with evidence.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendants' Motion to Dismiss [DE 30] is **DENIED**, the Plaintiff's related motion for jurisdiction discovery [DE 33] is **DENIED AS MOOT**, and the Defendants shall file an answer within ten days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of May, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[2] Mr Guberman argues that he is entitled to what is known as the "corporate shield doctrine," which shields non-residents from Florida's exercise of personal jurisdiction in some circumstances. *E.g., LaFreniere v. Craig-Myers*, 264 So. 3d 232, 238 (Fla. Dist. Ct. App. 2018).  Because the Plaintiffs have alleged an intentional tort directed at a resident of Florida, however, Defendant Guberman cannot avail himself of the corporate shield doctrine. *Id.* at 237-38 (holding that the doctrine does not apply to individuals acting in a corporate capacity if the tort was committed inside Florida), 238 (holding that an intentional tort directed into Florida qualifies as a tort committed inside Florida).  Once Mr. Guberman was expressly informed by a Florida resident (through counsel) of his alleged infringement, and once Mr. Guberman expressly declined to cease the website's transmission of the photographs into Florida, the corporate shield doctrine no longer had the potential to shield Mr. Guberman. *See id.*